E-FILED
Monday, 23 November, 2026 12:27:04 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ERVIN CONNER,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL P. DALTON, GEORGE CROWSE, PUBLIC LIZANDRA GOMEZ, AND FRANK FUHR,<br><br>Defendants. | ) | 4:26-cv-04222-MMM |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently in custody as a pretrial detainee at the Rock Island County Jail, seeks to assert claims in this Court.

The case is before the Court for a merit review of Plaintiff's amended complaint. The Court must "screen" Plaintiff's operative pleading and identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must state a claim for relief that is plausible on its face. *See Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

Plaintiff names as Defendants Judges Daniel Dalton and Frank Fuhr, Public Defender Lizandra Gomez, and State's Attorneys George Crouse and Dora Villareal.

Plaintiff alleges that these Defendants engaged in a conspiracy against his civil rights in his ongoing state criminal prosecution for five felony counts including aggravated discharge of a firearm at a police or fire vehicle, aggravated battery/discharge firearm, felon in possession of a weapon, failure to comply with sex offender reporting obligations, and criminal damage to property, in Rock Island County Case No. 2026CF577. Plaintiff asserts these judicial, prosecutorial, and defense counsel defendants have violated his rights to a speedy trial and to self-representation, and asserts that unless Defendants object, these allegations will be considered agreed-to.

Plaintiff also asserts that the criminal charges against him are being pursued with knowledge that his civil rights were violated by the police—allegations he pursues separately in Central District of Illinois Case No. 4:26-cv-04199-SEM-DJQ.

Plaintiff does not state a claim against any Defendant.

Judges Fuhr and Dalton are entitled to judicial immunity. These allegations are based on the judges performing core judicial functions and are thus without merit. *Kowalski v. Boliker*, 893 F.3d 987, 997 (7th Cir. 2018).

State's Attorneys Crouse and Villareal, are entitled to prosecutorial immunity. Plaintiff sues these individuals based on their work as prosecutors and they are therefore immune from suit. *Stinson v. Gauger*, 868 F.3d 516, 528 (7th Cir. 2017) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

Public Defender Gomez is not a "state actor" for purposes of § 1983 liability, so this claim is meritless. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

IT IS THEREFORE ORDERED:

1. **Pursuant to the Court's merit review of the amended complaint under 28 U.S.C. § 1915A, Plaintiff does not state a claim against any Defendant.**

2. **Plaintiff is allowed 21 days to file a motion for leave to amend with a proposed amended complaint attached. If he does not timely so move, or if the proposed amended complaint does not state a claim, this action will be dismissed.**

Entered November 23, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE